| | |
|---|---|
| Hayward, Parker & O'Leary, Esqs, | HEARING DATE: 7/28/2020 |
| Attorneys for Debtors | HEARING TIME: 9:00 AM |
| 225 Dolson Ave. Suite 303 | |
| P.O. Box 929 | |
| Middletown, NY 10940 | |
| Tel: 845-343-6227 | |
| Michael O'Leary, Esq. | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

      RACHEL ELVIRA LAGODKA

                                Chapter 13
                                Case No. 16-36915 (cgm)

                Debtors.
---------------------------------------------------------x

## NOTICE OF HEARING

      NOTICE IS HEREBY GIVEN upon the motion dated June 12, 2020 of debtor Rachel Elvira Lagodka (the "Debtor"), that on July 28, 2020 at 9:00 a.m., or as soon thereafter as counsel may be heard, the Debtor shall apply to the Honorable Cecelia G. Morris, Chief United States Bankruptcy Judge, at the U.S. Bankruptcy Court, 355 Main Street, Poughkeepsie, New York 12601 (the "Hearing") for an Order, pursuant to FRBP Rule 3002.1(e), determining that the sum sought in an Official Form 410S2 "Notice of Prepetition Mortgage Fees, Expenses and Charges" filed in connection with Claim No. 5 on January 28, 2020 shall not recoverable against debtor or debtor's principal residence located at 30 Plattekill Avenue, New Paltz, New Yok 12561 .

      PLEASE TAKE FURTHER NOTICE that any opposition to the Motion shall be in writing and shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the

Bankruptcy Court, shall set forth the name of the objectant, the basis for the objection, and the specific grounds therefore, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242, as amended, and shall further be served upon Hayward, Parker & O'Leary, Esqs., Michael O'Leary, Esq., P.O. Box 929, Middletown, New York 10940, so as to be actually received not less than seven (7) days prior to the hearing date.

PLEASE TAKE FURTHER NOTICE, that the Hearing may be adjourned from time-to-time upon the record of the Hearing without further notice thereof being required. Your failure to object to the relief requested in the Motion may be deemed a waiver of any such objection and the relief requested may thereupon be granted.

Dated: Middletown, NY
June 15, 2020

s/ Michael O'Leary, Esq.
Hayward, Parker & O'Leary
Attorneys for Debtor
225 Dolson Avenue, Suite 303
PO Box 929
Middletown, NY 10940
Tel. (845) 343-6227
Fax (845) 343-1927
Email HPOPlaw@gmail.com

Hayward, Parker & O'Leary, Esqs.
Attorneys for Debtors
225 Dolson Ave. Suite 303
P.O. Box 929
Middletown, NY 10940
Tel: 845-343-6227
Michael O'Leary, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

      RACHEL ELVIRA LAGODKA

                                        Chapter 13
                                        Case No. 16-36915 (cgm)

             Debtors.
.
-----------------------------------------------------x

**MOTION PURSUANT TO FRBP RULE 3002.1(e) SEEKING DETERMINATION THAT CERTAIN POST-PETITION CHARGES AND EXPENSES WERE NOT REQUIRED BY UNDERLYING AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW AND ARE NOT RECOVERABLE AGAINST DEBTOR OR HER RESIDENCE**

TO:    THE HONORABLE CECELIA G. MORRIS
        CHIEF UNITED STATES BANKRUPTCY JUDGE

Chapter 13 debtors Rachel Elvira Lagodka (the "Debtor") now move this Court for a determination that a "2017 Delinquent Tax Advance" asserted in a "Notice of Prepetition Mortgage Fees, Expenses and Charges" was not incurred in connection with the mortgage holder's Claim No. 5 and is not recoverable against the debtor or her residence, and that such alleged payment was not required by the underlying agreement or applicable non-bankruptcy law to cure a default or maintain payments in accordance with 11 USC §1322(b)(5), and in support thereof respectfully show as follows:

1. FRBP Rule 3002.1(c) provides in pertinent part that:

"(c) The holder of the claim shall file and serve on the debtor, the debtor's counsel and the trustee a notice itemizing all fees, expenses or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or the against the debtor's principal residence. This notice shall be served within 180 days after the date on which such fees, expenses, or charges are incurred.

2. FRBP Rule 3002.1 (e) provides in pertinent part that:

"(e) On motion of a party in interest filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense or charge is required by the underlying agreement and applicable non-bankruptcy law to cure a default or maintain payments in accordance with §1322(b)(5)…".

3. Pursuant to FRBP Rule 3002.1(c), on January 28, 2020 an Official Form 410S2 "Notice of Prepetition Mortgage Fees, Expenses and Charges" was filed in connection with Claim No. 5 by US Bank, NA, as indenture trustee, for the holders of the CIM Trust 2018-R2, Mortgage-Backed Notes, Series 2018-R2 (hereafter referred to as "US Bank Notice") asserting that on 8/1/19 a "2017 Delinquent Tax Advance" was paid in the amount of $7,204.62. See Exhibit "A" annexed hereto. This US Bank Notice was filed exactly 180 days after the purported payment of a "Delinquent Tax Advance", and was purportedly filed in connection with Claim No. 5 filed by Beneficial Homeowner Service Corporation on February 27, 2017, relevant portions of which are annexed hereto as Exhibit "B". While the US Bank Notice was timely filed debtor asserts (1) it was not filed by "the holder of the claim [No. 5]", as required by FRBP Rule 3002.1(c), and (2) there were no delinquent taxes owed for 2017 at the time of the purported Delinquent Tax Advance.

4. On August 1, 2019 there were no delinquent, post-petition property taxes owed by debtor for 2017, or for any other year. Upon information and belief, the creditor asserts the purported $7,204.62 payment was made to the Ulster County Department of Finance. Debtor asserts said payment should never have been made.

## RELEVANT BACKGROUND

5. Debtor resides at 30 Plattekill Avenue, New Paltz, New York 12561. Her 2016-2017 school taxes covered the period from July 1, 2016 through June 30, 2017 and were required to be paid to her local school district by September 30, 2016. When debtor failed to timely pay said school taxes they were re-levied to the Ulster County Department of Finance during November, 2016. Debtor filed her Chapter 13 petition on November 19, 2016, at which time her 2016-2017 school taxes were past due and owing. The Ulster County Commissioner of Finance (hereafter "Ulster County") filed Claim No. 3 on January 27, 2017 to recover said 2016-2017 school taxes. Relevant portions of Claim No. 3 are annexed as Exhibit "C". These 2016-2017 school taxes were provided for in debtor's confirmed Chapter 13 Plan and were being paid by the Chapter 13 Trustee to Ulster County, pursuant to Category 4(a) of debtor's confirmed First Amended Chapter 13 Plan (see ECF Docket Entry Nos. 62 & 19). However, Ulster County received and accepted an unsolicited and unexpected sum of money from a third party, purported to be $7,204.62, which were applied toward debtor's 2016-2017 school tax obligation. Subsequent Trustee distribution payments on Claim No. 3 were returned to the Trustee by Ulster County.

## NO DELINQUENT POST-PETITION PROPERTY TAXES WERE DUE

6. Debtor is a resident of the Village of New Paltz, which is located in the Town of New Paltz, Ulster County, New York, and as such she had to pay property taxes for 2017 as follows: County & Town taxes; School taxes (covering 7/1/17 to 6/30/18); Village taxes. All such taxes were paid by debtor long prior to the purported payment set forth in the US Bank Notice.

A) Annexed as Exhibit "D" is a Taxpayer's Receipt evidencing payment of debtor's 2017 Town and County taxes on January 18, 2017 in the amount of $2,758.47. Accordingly, the 2017 Town and County taxes were paid in full by debtor.

B) Annexed as Exhibit "E" is (1) a front and back copy of debtor's cancelled check no. 637 in the sum of $2,592.25 paid to the school tax collector. Said check was dated 9/27/17 and was deposited by the "NPCSD" (New Paltz Central School District) on that same date; and (2) a Receipt from the New Paltz Central School District evidencing said payment. This payment covers the first ½ of the 2017-2018 School taxes. Annexed as Exhibit "F" is (1) a front and back copy of debtor's cancelled check no. 661 in the sum of $2,644.10 paid to the school tax collector. Said check was dated 10/21/17 and was deposited by the "NPCSD" (New Paltz Central School District) on October 23, 2017, representing payment of the second ½ of the 2017-2018 School taxes; (2) a Receipt from the New Paltz Central School District evidencing said payment; and (3) a New Paltz Central School District Tax Certification acknowledging the 2017-2018 school taxes were paid in full. Accordingly, the 2017-2018 School taxes were paid in full by debtor.

C) Annexed as Exhibit "G" is (1) a front and back copy of debtor's cancelled check no. 659 in the sum of $1,428.01 paid to the Village of New Paltz for the Village tax. Said

check was dated 9/14/17 and was deposited into the Village of New Paltz General Account. Accordingly, the 2017 Village taxes were paid in full by debtor.

7. The purported $7,204.62 payment for a "2017 Delinquent Tax Advance" was (1) not "incurred in connection with the claim [No. 5] after the bankruptcy case was filed", as required by FRBP Rule 3002.1(c)(1), because all 2017 property taxes had ben paid by debtor well over one year prior to said purported payment. Further, the purported $7,204.62 payment is not "required by the underlying agreement and applicable non-bankruptcy law to cure or maintain payments", as required by FRBP Rule 3002.1(e), because the underlying agreement and applicable non-bankruptcy law do not require the mortgage holder to duplicate property tax payments already paid by debtor. Accordingly, the Court should determine that the purported payment of $7,204.62 is not recoverable against the debtor or her residence.

## NOT FILED BY HOLDER OF CLAIM NO. 5

8. That at all times relevant herein, neither US Bank, NA nor the CIM Trust 2018-R2, Mortgage-Backed Notes, Series 2018-R2 were the holders of the mortgage encumbering debtor's residence, nor were said entities the holders of Claim No. 5.

9. When the US Bank Notice was filed on January 28, 2020 the mortgage holder of the mortgage holder or record was Madison Revolving Trust 2017, not US Bank, NA or the CIM Trust 2018-R2, Mortgage-Backed Notes, Series 2018-R2. Annexed as Exhibit "H" are data print-outs from the on-line records of the Ulster County Clerk's Office evidencing the history of this mortgage, which was originally held by Beneficial Homeowner Service Corporation ("Beneficial"), who thereafter assigned it to MTGLQ Investors LP, who thereafter assigned it to Madison Revolving Trust 2017. Madison Revolving Trust 2017 has been the mortgage holder of record at all times since March of 2018.

10. When the US Bank Notice was filed on January 28, 2020 the holder of Claim No. 5 was Madison Revolving Trust 2017, not US Bank, NA or the CIM Trust 2018-R2, Mortgage-Backed Notes, Series 2018-R2. Claim No. 5 was filed by Beneficial—see annexed Exhibit "B". On December 29, 2017 Beneficial transferred Claim No. 5 to Madison Revolving Trust 2017, who was the holder of said Claim on the date the US Bank Notice was filed. Said Transfer of Claim appears as ECF Docket Entry No. 52, and relevant portions thereof are annexed as Exhibit "I".

11. Reported cases have strictly construed the 180-day deadline provided by FRBP Rule 3002.1(c). See *In re Raygoza, 556 BR 813 (SD Texas, 2016).* It is brought to the Court's attention that on February 14, 2020 Madison Revolving Trust 2017 did transfer its interest in Claim No. 5 to Select Portfolio Servicing, Inc. as servicer for US Bank National Association, as indenture trustee for the holders of CIM Trust 2018-R2, Mortgage-Backed Notes, Series 2018-R2. Said Transfer of Claim appears as ECF Docket Entry No. 63, and relevant portions thereof are annexed as Exhibit "J". This Transfer of Claim was not signed until 2 days after the expiration of the 180-day deadline set forth in FRBP Rule 3002.1(c), and said Transfer was not actually filed with the Court until 17 days after the expiration of said 180-day deadline. It is respectfully submitted that this untimely transfer does not sanitize this troubling scenario and does not alter the fact that the US Bank Notice was filed by a party who had no interest whatsoever in Claim No. 5.

12. In view of the foregoing, the US Bank NA Notice was not filed by a "holder" of Claim No. 5 and for that reason should be determined to be invalid and cancelled and of no force and effect.

13. In view of the foregoing debtor requests an Order be entered: (1) determining that the expenses and charges set forth in the "Notice of Prepetition Mortgage Fees, Expenses and Charges" filed on January 28, 2020 were not incurred in connection with Claim No. 5 after the bankruptcy case was filed; (2) determining that the expenses and charges set forth in the "Notice of Prepetition Mortgage Fees, Expenses and Charges" filed on January 28, 2020 were not required by any underlying agreements or applicable non-bankruptcy law to cure a default or to maintain payments in accordance with 11 USC §1322(b)(5); (3) determining that the "Notice of Prepetition Mortgage Fees, Expenses and Charges" filed on January 28, 2020 was not filed by the holder of Claim No. 5; (4) determining that the expenses and charges set forth in the "Notice of Prepetition Mortgage Fees, Expenses and Charges" filed on January 28, 2020 are not recoverable against debtor or debtor's principal residence located at 30 Plattekill Avenue, New Paltz, New Yok 12561; (5) directing any other fees, charges and/or expenses that Madison Revolving Trust 2017 or Select Portfolio Servicing, Inc. as servicer for US Bank National Association, as indenture trustee for the holders of CIM Trust 2018-R2, Mortgage-Backed Notes, Series 2018-R2 or US Bank, NA, as indenture trustee, for the holders of the CIM Trust 2018-R2, Mortgage-Backed Notes, Series 2018-R2, or their successors and assigns, might assert in connection with Claim No. 5, up through and including the date of this Court's directive, be deemed invalid and cancelled and of no force and effect; and (6) directing that any attempt by Madison Revolving Trust 2017 or Select Portfolio Servicing, Inc. as servicer for US Bank National Association, as indenture trustee for the holders of CIM Trust 2018-R2, Mortgage-Backed Notes, Series 2018-R2 or US Bank, NA, as indenture trustee, for the holders of the CIM Trust 2018-R2, Mortgage-Backed Notes, Series 2018-R2, or their successors and assigns, to collect any other post-petition amounts for fees, charges and/or expenses, up through and

including the date of this Court's directive, shall be deemed a willful violation of the automatic stay and of this Court's directive and shall be punishable by this Court's contempt powers.

13. No prior application has been made for the relief sought herein.

WHEREFORE, the Debtors seek the entry of an Order in accordance with the foregoing and further granting to debtor such other and further relief as is just and proper.

Dated: Middletown, New York
June 15, 2020

                                  Hayward Parker & O'Leary, Esqs.

                       By:    s/ Michael O'Leary
                             Attorneys for Debtors
                             225 Dolson Ave., Suite 303
                             P.O. Box 929
                             Middletown, NY 10940
                             Tel. (845) 343-6227
                             Fax (845) 343-1927
                             Email HPOPlaw@gmail.com